Filed 5/23/14  P. v. Fargas CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B251646 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA129351) |
| v. | |
| RICKY FAGRAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Conditionally reversed and remanded.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Ricky Fagras was convicted by jury of possessing a controlled substance for sale (Health & Saf. Code, § 11378), and prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)) and prison term allegations (Pen. Code, §§ 667.5, subd. (b) & 1203.07, subd. (a)(11)) were found true by the trial court. He was sentenced to a total term of seven years in county jail, under Penal Code section 1170, consisting of the midterm of two years for the violation of Health and Safety Code section 11378, three years for the prior drug conviction, and two years for the prison priors.[1] Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. Defendant filed two supplemental briefs with this court (one of which was filed after the deadline with this court's permission), contending that: he was not assigned counsel to investigate an incident in 1980, where the judge took a "bribe"; his request for a trial continuance was denied; his request "for a juror to be drop[p]ed" was denied; he was severely beaten in the courthouse hallway by a narcotics officer after calling his daughter a "bag whore"; he was not present for his trial; his trial counsel argued in closing "my hands are tied[,] I don't know why the D.A. won't let me [subpoena] all the cops"; defendant has "death brain" from being "beaten to death" in 1988 in Lake Tahoe; defendant refused the civilian clothes offered to him by his attorney because "they were gangster grey[,] black 'n' white"; his witness was not allowed in the courtroom; he was denied in pro. per. status; the trial court erred when it found no discoverable information

---

**1**    We note that there was an irregularity in the trial court's abstract of judgment which was corrected while this appeal was pending. The September 20, 2013 abstract of judgment reflects that defendant's conviction was by plea, instead of by jury. On January 16, 2014, the abstract of judgment was corrected nunc pro tunc to show that defendant was convicted by jury. The trial court also made minor corrections to its September 16, 2013 sentencing minute order. We augment the record on our own motion to include the corrected abstract of judgment and minutes. (Cal. Rules of Court, rule 8.155.)

in Deputy Wendland's personnel file during its *Pitchess*[2] review; the trial judge asked for bribe payments, and hit defendant while he was shackled; as well as arguments that he did not possess drugs and has over $3.6 million in the bank.

In the course of our independent review under *Wende*, we discovered that the reporter's transcripts for defendant's pretrial motion for *Pitchess* discovery were not included in the record on appeal. We augmented the record, on our own motion, to include these transcripts. After reviewing the sealed transcripts under *People v. Mooc* (2001) 26 Cal.4th 1216, 1226, we discovered that the custodian of records for the Los Angeles County Sheriff's Department was not placed under oath during the in camera hearings. We asked the parties to provide briefing on "whether defendant's judgment of conviction must be conditionally reversed" under *People v. White* (2011) 191 Cal.App.4th 1333, 1340. Both defendant's appointed attorney and respondent filed supplemental letter briefs addressing our inquiry. Respondent concedes that conditional reversal of defendant's conviction is required.

## FACTS AND PROCEDURAL HISTORY

Defendant made a number of pretrial motions. He made a *Pitchess* motion for discovery of the contents of the personnel files of Sheriff's Deputies Neil Wendland and Zunggeemoge, broadly seeking discovery of the names of all individuals who have accused the deputies of misconduct, such as excessive force, bias, dishonesty, and coercive conduct, and the names of any witnesses to the misconduct that were interviewed in the course of investigating the misconduct. Counsel's declaration in support of the motion averred that defendant "knows Deputy Wendland from prior contacts and filed a complaint against him for using excessive force against [defendant] a year ago" and that Deputy Wendland's report was false. The trial court granted the motion as to Deputy Wendland, and conducted an in camera hearing on July 24 and July 30, 2013, ultimately concluding that no discoverable information existed.

---

**2**      *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

3

Defendant also made a motion to suppress his statements made to Deputies Wendland and Zunggeemoge during his arrest, a *Marsden*[3] motion to relieve his counsel, and a request that trial be continued, arguing that he was not ready for trial, and that he would like additional time to retain another attorney. These motions were denied.

Defendant, who was in custody, refused the civilian clothing offered by his attorney to wear during his trial. Moreover, defendant's unruly conduct during multiple hearings leading up to trial, and his failure to heed the trial court's warning that he would be excluded from trial if he did not control his behavior, led the trial court to exclude him from the proceedings and tell the jury he had voluntarily absented himself.

The following evidence was adduced at trial: On March 21, 2013, Deputy Wendland and his partner were patrolling a transient camp near the 105 Freeway in Downey. Deputy Wendland saw defendant throw an object into a green tent. Inside the tent, Deputy Wendland found bags with equal amounts of methamphetamine and a pocket-sized digital scale, with methamphetamine residue on it. He also found an address book which was the "property of . . . Ricky George Fagras." Deputy Wendland believed that defendant possessed the drugs for sale.

During cross-examination, Deputy Wendland admitted he had known defendant for two or three years. In one incident with defendant, Deputy Wendland used force when he tackled defendant to the ground, and defendant had filed complaints against Deputy Wendland for his use of force.

The parties stipulated that the drugs recovered from the tent were methamphetamine. Deputy James Copplin testified as a narcotics expert, and opined the drugs were possessed for the purpose of sale.

Defendant testified in his own defense, wearing a "stealth belt" that restrained him, but could not be seen by the jury. Defendant was having his bike fixed at the transient camp. Others at the camp were using drugs. When defendant and the men were

---

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

approached by a "cop," defendant recognized the "cop" as the deputy who had "just beat the s--- out of [him]." Defendant had never seen the bags of drugs recovered by the deputies.

## DISCUSSION

During our independent review of the record, we discovered that the Sheriff's Department's custodian of records was not placed under oath during the in camera *Pitchess* hearings. An in camera *Pitchess* hearing is an evidentiary hearing, and any witness at the hearing, including the custodian of records, must be sworn. (Evid. Code, § 710; *People v. Mooc, supra,* 26 Cal.4th at p. 1229, fn. 4; *People v. White*, *supra*, 191 Cal.App.4th at pp. 1339-1340.) The remedy is to conditionally reverse a defendant's judgment of conviction, and to have the trial court conduct a new in camera hearing, placing the custodian under oath. (*People v. White,* at pp. 1341-1342.)

Defendant also complains of numerous errors. We find no merit in any of defendant's contentions. The majority of the issues raised in defendant's letter briefs concern matters that are outside the record, and therefore are more appropriately decided in a habeas corpus proceeding. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Defendant contends the trial court erred when it failed to disclose *Pitchess* information from Deputy Wendland's personnel file. Because the custodian of records was not under oath, and the trial court must conduct a new *Pitchess* hearing, we cannot reach the merits of this argument at this time.

As for defendant's claim that the trial court denied his request to exclude a prospective juror, jury selection was not included in the record on appeal, no ruling on any challenge appears in the trial court's minutes, and defendant has not identified any legitimate basis for exclusion of any of the jurors. (See Code Civ. Proc., § 225.) In fact, the record shows that the defendant accepted the panel.

Moreover, defendant's attorney did not make the comments credited to him by defendant on appeal. Also, defendant did not request to represent himself, and the trial court found his counsel was competently representing defendant. (*People v. Hill* (1976)

5

64 Cal.App.3d 16, 30-32.) Because defendant's basis for seeking a continuance was so he could obtain new representation, there was no good cause for a continuance. (Pen. Code, § 1050, subd. (d).)

Additionally, there is no indication in the record that a defense witness was excluded from trial.

Lastly, defendant was offered civilian clothes, but declined to wear them, waiving any objection to his appearance at trial (*People v. Taylor* (1982) 31 Cal.3d 488, 495), and was properly excluded from trial, after he was warned, for his violent and disruptive behavior (see *Illinois v. Allen* (1970) 397 U.S. 337, 345-346).

In all other respects, we have examined the entire record, and are satisfied that defendant's attorney has fully complied with her responsibilities and that no other arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is conditionally reversed and remanded to the trial court to hold a new *Pitchess* hearing in which any witnesses who testify shall be placed under oath. If the trial court finds there are discoverable records, they shall be produced and the court shall conduct such further proceedings as are necessary and appropriate. If the court finds there are no discoverable records, or that there is discoverable information but defendant cannot establish that he was prejudiced by the denial of discovery, the judgment shall be reinstated.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

6